IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA

Plaintiff,

v.

[1] ANTONIO CRUZ-ARBOLEDA

Defendant.

CRIM. NO.: 96-22 (SCC)

**OPINION AND ORDER**

Pending before the Court is Defendant Antonio Cruz-Arboleda's ("Defendant Cruz-Arboleda") *pro se* petition for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)[1]. *See* Docket No. 344. The United States

---

[1] In the instant petition, Defendant Cruz-Arboleda makes a cursory reference to home confinement by mentioning the memorandums issued by the United States Department of Justice ("DOJ") in March and April 2020, which encouraged the Bureau of Prisons ("BOP") to maximize the use of home confinement in light of the COVID-19 pandemic. *See* Docket No. 344 at pg. 2. While the Government's Opposition asks the Court to deny what it understands to be Defendant Cruz-Arboleda's request for home confinement, *see* Docket No. 359 at pgs. 3-5, the Court finds that, other than the brief mention of the DOJ memorandums, Defendant Cruz-Arboleda's petition does not include a request to be placed in home confinement. And even if the Court were to construe the sprinkled references to home confinement in the petition as a request for such relief in light of the fact that "a document filed *pro se* is 'to be liberally construed,'" *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted), the request would still fall short. The reason being that, while

U.S.A. v. CRUZ-ARBOLEDA                                         Page 2

Government ("Government") opposed the same ("Opposition"). *See* Docket No. 359. Having reviewed these submissions, the Court hereby **DENIES WITHOUT PREJUDICE** Defendant Cruz-Arboleda's petition at Docket Number 344.

## I. Analysis

On October 15, 1996, Defendant Cruz-Arboleda was convicted by a jury of two counts of aiding and abetting in a carjacking, in violation of 18 U.S.C. § 2119 (Counts I and III of the Indictment) and two counts of aiding and abetting in the use of a firearm during and in relation to a crime of violence, in contravention of 18 U.S.C. § 924(c) (Counts II and IV of the Indictment). *See Cruz-Arboleda v. U.S.,* Civil No. 16-2216 at

---

the Court may recommend that an offender be placed in a particular facility or program, it does not have the authority to grant home confinement, for the BOP is the entity responsible for determining where an offender is placed. *See* 18 U.S.C.A. § 3621; *Tapia v. United States*, 564 U.S. 319, 331 (2011) (stating that "[a] sentencing court can *recommend* that the BOP place an offender in a particular facility or program . . . [b]ut decision making authority rests with the BOP."). Albeit the Court's ability to issue such a recommendation to the BOP, Defendant Cruz-Arboleda's petition is devoid of any reason that would propel this Court to issue such a recommendation at this juncture.

Docket No. 19.[2] On March 7, 1997, Defendant Cruz-Arboleda was sentenced to 15 years as to Count I, 5 years as to Count II, life imprisonment as to Count III and 20 years as to Count IV. *Id.* Judgment was entered that same day. *See U.S. v. Cruz-Arboleda,* Crim. No. 96-22 at Docket No. 99. Defendant Cruz-Arboleda is currently serving his life sentence at USP Terre Haute, a high security penitentiary. *See Find an Inmate,* FED. BUREAU PRISONS, https://www.bop.gov/inmateloc/ (last accessed May 13, 2021).

In his petition, Defendant Cruz-Arboleda maintains that "extraordinary and compelling reasons" exist which warrant relief under § 3582(c)(1)(A)(i) due to the spread of COVID-19 at USP Terre Haute and because he is reportedly at a high risk of contracting COVID-19 given that he suffers from asthma and is an HIV patient. *See* Docket No. 344 at pgs. 3-4.

In its Opposition, the Government mounts a procedural challenge on the grounds that prior to filing the instant

---

[2] The Court hereby refers to the Opinion and Order at Docket No. 19, entered in Defendant Cruz-Arboleda's Civil Case No. 16-2216, in order to provide the relevant factual background in this matter given that a copy of the indictment, which dates back to 1995, is not available via CM/ECF.

U.S.A. v. CRUZ-ARBOLEDA                                              Page 4

petition, Defendant Cruz-Arboleda failed to exhaust his administrative remedies as required by § 3582(c)(1)(A). *See* Docket No. 359. In the alternative, the Government avers that even if the Court were to find that Defendant Cruz-Arboleda exhausted his administrative remedies, his petition still fails on the merits. *Id.*

This Court may entertain a petition pursuant to § 3582(c)(1)(A) "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or, after 30-days have elapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *See* 18 U.S.C. § 3582(c)(1)(A). In his petition, Defendant Cruz-Arboleda does not specify whether he exhausted his administrative remedies prior to filing his request for compassionate release.[3]

---

[3] The Court acknowledges that Defendant Cruz-Arboleda cites to a case from the District of Connecticut which supports the proposition that administrative exhaustion requirements may be waived. *See* Docket No. 344 at pg. 4. This argument is not developed by Defendant Cruz-Arboleda

For its part, the Government maintains that Defendant Cruz-Arboleda did not exhaust his administrative remedies prior to filing the instant petition, and as such, the same should be denied. *See* Docket No. 359 at pgs. 8-10. However, in its Opposition, the Government also informs this Court that, according to the Bureau of Prisons ("BOP"), on May 20, 2020, Defendant Cruz-Arboleda sought guidance to file a motion for compassionate release. *See id.* at pg. 10; *see also* Docket No. 359-1. This request was denied by way of a substantiated memorandum prepared with the assistance of the medical department at USP Terre Haute and signed by the warden. *See* Docket No. 359-2. Specifically, the memorandum went into detail as to why a motion for compassionate release would not be pursued on behalf of Defendant Cruz-Arboleda. *Id.* The memorandum also notified Defendant Cruz-Arboleda that if he disagreed with said determination, he could file an appeal pursuant to Bureau Program Statement 1330.18 within

---

throughout his petition, and even if it were, the Court does not find that he has set forth sufficient reasons which would warrant waiving this procedural prerequisite.

U.S.A. v. CRUZ-ARBOLEDA                                                    Page 6

20 calendar days upon the date stated in the memorandum. *Id.* Notwithstanding Defendant Cruz-Arboleda's apparent attempt to exhaust his administrative remedies, in view of the documents presented in support of the submissions currently before this Court, the fact remains that at the time that he filed the instant petition, he had not exhausted his administrative remedies.[4]

But even assuming *arguendo* that Defendant Cruz-Arboleda satisfied the statutory prerequisite under § 3582(c)(1)(A), his petition still fails on the merits, for it does

---

[4] A review of the procedural timeline surrounding the filing of the instant petition confirms as much. Defendant Cruz-Arboleda's petition states that the same was signed on April 26, 2020. *See* Docket No. 344 at pg. 6. However, the post stamp indicates that the petition was mailed to this Court on May 26, 2020 and was ultimately received and filed by the Clerk of the Court on June 2, 2020. *See* Docket No. 344-1. Further, Defendant Cruz-Arboleda's request for guidance to file a motion for compassionate release was not made until May 20, 2020. *See* Docket No. 359-1. Meaning that, even if the Court were to consider the June 2, 2020 date as a starting point, Defendant Cruz-Arboleda still failed to comply with the strictures set forth by § 3582(c)(1)(A), for 30 days had yet to elapse from the receipt of the May 20, 2020 request by the warden and he had yet to receive a denial of said request. Therefore, even when using June 2, 2020 as the filing date for the instant petition and considering the May 20, 2020 request for guidance, Defendant Cruz-Arboleda still failed to exhaust his administrative remedies prior to the filing of the instant petition.

U.S.A. v. CRUZ-ARBOLEDA                                                                 Page 7

not specify extraordinary and compelling reasons that would warrant a sentence reduction under § 3582(c)(1)(A)(i). For starters, a look at the BOP website shows that on May 13, 2021, there were 0 confirmed cases of inmates and 0 staff members who have tested positive for COVID-19 at USP Terre Haute. *See COVID-19 Cases*, FED. BUREAU PRISONS, https://www.bop.gov/coronavirus/ (last updated May 13, 2021). As such, it appears that the spread of COVID-19 at the aforementioned penitentiary is currently under control.[5]

As for his medical conditions, Defendant Cruz-Arboleda did not include with his petition a copy of any medical records that would confirm his claims regarding his HIV diagnosis or that he suffers from asthma. Further, at no point in his petition did he allege that he was not receiving treatment for his medical conditions or that his conditions have worsen due to lack of proper care. The only medical

---

[5] In its Opposition, the Government assures that, according to the BOP, Defendant Cruz-Arboleda has received both doses of the Pfizer-BioNTech COVID-19 vaccine on December 30, 2020 and January 20, 2021, respectively. *See* Docket No. 359 at pg. 13.

records available to the Court in order to conduct its analysis were those proffered by the Government in its Opposition. *See* Docket No. 360-2. And while those records confirm that Defendant Cruz-Arboleda was diagnosed with HIV and suffers from asthma, they also happen to confirm that he is receiving medical attention for these conditions.[6] *Id.* The Court does not turn a blind eye to Defendant Cruz-Arboleda's medical conditions, however, here, it appears that the same are being managed by the medical staff at the penitentiary.

Lastly, the Court notes that, Defendant Cruz-Arboleda was convicted of a violent crime, is serving a life sentence in a high security penitentiary and has incurred in various disciplinary infractions while at the penitentiary, *see* Docket No. 360-3. Moreover, none of the sentencing factors under 18

---

[6] For example, the notes from a medical exam performed on February 24, 2021 state that an HIV viral load did not show the presence of the virus and that he is being treated with antiretroviral medication including Emtricitabine and Ritonavir. *See* Docket No. 360-2 at pgs. 1, 9. Furthermore, notes from a medical exam performed on October 29, 2020 inform that Defendant Cruz-Arboleda was provided with an inhaler and additional medication to treat his asthma. *Id.* at pg. 8. The Court also points out that Defendant Cruz-Arboleda suffers from Hepatitis C. *Id.* at pg. 1. But the medical records confirm that he is also being treated by the medical staff for this condition. *Id.*

U.S.A. v. CRUZ-ARBOLEDA                                              Page 9

U.S.C. § 3553(a) would support a reduction in sentence at this time. With this analysis in mind, the Court finds that, Defendant Cruz-Arboleda has not set forth "extraordinary and compelling reasons" that warrant relief under § 3582 (c)(1)(A)(i).

**II. Conclusion**

In light of the above, Defendant Cruz-Arboleda's petition at Docket No. 344 is **DENIED WITHOUT PREJUDICE.**

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 14th day of May, 2021.

        S/ SILVIA CARREÑO-COLL
        UNITED STATES DISTRICT COURT JUDGE